IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAUL HERRERA, # 27868-177, | ) | |
| | ) | |
| v. | ) | 3:09-CV-0744-D |
| | ) | (3-01-CR-352-D) |
| UNITED STATES OF AMERICA, | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and orders of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* "Motion to Vacate, Correct or Modify Sentence Pursuant to 28 U.S.C. § 1651; the All Writs Act" brought by a federal prisoner.[1]

Parties: Raul Herrera (hereinafter sometimes referred to as "Movant") is currently confined at FCI Big Spring in Big Spring, Texas. The court has not issued process in this case.

Statement of the Case: Herrera pleaded guilty to one count of conspiracy to possess 500 grams of methamphetamine as alleged in the indictment filed in *United States v. Herrera*, No. 3-01-CR-352-D pursuant to a written plea agreement. Before sentencing, he moved to withdraw his guilty plea and for a downward departure, claiming that his guilty plea was based on an oral promise that the Government would recommend a two-offense-level downward departure if all the defendants charged in the indictment pleaded guilty, and that the Government breached its

---

[1] Since Petitioner specifically sought relief under 28 U.S.C. § 1651, the Clerk filed his motion as a new civil action and assigned it the above cause number.

oral promise. The District Court denied the motions and sentenced Petitioner to 364 months imprisonment and a five-year term of supervised release. *United States v. Herrera*, 3:01cr352-D(02) (N.D. Tex. 2002). Herrera effected a direct appeal and the Fifth Circuit Court of Appeals affirmed the denial of the motion to withdraw and the guilty-plea conviction. *United States v. Herrera*, 75 Fed. Appx. 966 (5th Cir. 2003) (unpublished per curiam).

On December 23, 2004, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. On August 24, 2005, the District Court accepted the findings, and recommendation of the undersigned magistrate judge and denied the § 2255 motion. *United States v. Herrera*, No. 3:04cv2709 and No. 3:01cr352-D (N.D. Tex. 2006). The court's ruling addressed *inter alia* Petitioner's claims under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). When he appealed the District Court's adverse judgment, the Fifth Circuit denied a certificate of appealability. *United States v. Herrera*, No. 05-11157 (5th Cir. Dec. 4, 2006).

Thereafter, Petitioner filed two motions in his criminal case: a motion for resentencing on December 21, 2005, and a motion to set aside the judgment pursuant to Fed. R. Civ. P. 60(b) on February 24, 2006. The District Court denied and dismissed both motions on the basis of the findings and recommendation of the undersigned magistrate judge. *See* Doc. #362 in 3:01cr352-D. Petitioner did not appeal.

On April 22, 2009, Petitioner filed the present motion to vacate sentence under the All Writs Act. In five grounds, he alleges (1) his sentence is unconstitutional because it was enhanced based upon judicial findings as to quantity of drugs made by the trial judge at

2

sentencing in violation of *Blakely*; (2) an insufficient nexus existed between the statute used to enhance his sentence and interstate commerce for the government to exercise jurisdictional authority; (3) counsel rendered "cumulatively" ineffective assistance with respect to *Apprendi* and *Booker*, and in failing to secure a two-point reduction based on the oral agreement with the government; (4) the District Court erred in finding Petitioner occupied a leader/organizer or managerial/supervisory position within the alleged conspiracy; and (5) the District Court erred when it found that Petitioner had the intent to carry out a threat.[2]

Findings and Conclusions: "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S. Ct. 1673, (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Petitioner relies on the All Writs Act, 28 U.S.C. § 1651, as the sole basis for jurisdiction in this case. "[T]he All Writs Act does not confer an independent basis for subject matter jurisdiction." *Renteria-Gonzalez v. INS,* 322 F.3d 804, 811 (5th Cir. 2002); *see also Texas v. Real Parties in Interest*, 259 F.3d 387, 392 (5th Cir. 2001). "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429, 116 S. Ct. 1460, 1467 (1996),

---

[2] Petitioner neither paid the $5.00 filing fee nor filed a motion for leave to proceed *in forma pauperis*. Since this action should be liberally construed as a § 2255 motion to vacate sentence, as set out more fully *infra*, no fee payment is required.

citing *Pennsylvania Bureau of Correction v. United States Marshals Service,* 474 U.S. 34, 43, 106 S.Ct. 355, 361 (1985).

It is self-evident from the grounds asserted that the present action collaterally attacks Herrera's conviction in No. 3-01-CR-352-D. It is also well established that 28 U.S.C. § 2255 provides the primary means for collaterally attacking a federal conviction and sentence. This principle is well established within the Fifth Circuit. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (citing *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000)); *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). Consequently, the All Writs Act cannot provide a jurisdictional basis for Petitioner's claims. *See Nelson v. Reese*, 214 Fed. Appx. 465, 466-67 (5th Cir. 2007) (unpublished per curiam) (finding All Writs Act inapplicable to federal prisoner's habeas petition challenging sentence under *Booker* where § 2255 provided primary means of collaterally attacking his federal conviction and sentence); *Polley v. Jeter*, 202 Fed. Appx. 806, 806 (5th Cir. 2006) (unpublished per curiam) (same).

Construing the motion to vacate sentence to seek relief under § 2255, the court lacks jurisdiction to entertain the same. Petitioner neither requested nor obtained authorization from the Fifth Circuit to file a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A) (providing that a second or successive motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999) (holding that "the district court lacked jurisdiction to construe [a § 2241] petition as a § 2255 motion because [the petitioner] had not received prior authorization from [the court of appeals] to file a successive § 2255 motion").

Likewise, the court lacks jurisdiction to consider the motion under 28 U.S.C. § 2241 via

4

the "savings clause" of § 2255.  To seek relief under the "savings clause," *see* 28 U.S.C. § 2241(e), a prisoner must show that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention."  *Jeffers*, 253 F.3d at 830.[3]  The savings clause, however, applies only to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003).[4]

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion to vacate, correct or modify sentence under the All Writs Act, 28 U.S.C. § 2255, and/or 28 U.S.C. § 2241 be dismissed for lack of jurisdiction, but without prejudice to Herrera's right to request authorization from the

---

[3]  The savings clause of § 2255(e) states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.
(Emphasis added).

[4]  Because Petitioner is incarcerated within the Northern District of Texas, this Court has jurisdiction to determine whether he may proceed under § 2241.  *See Padilla*, 416 F.3d 424, 426 ("Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255."); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (same).

Fifth Circuit to file a successive § 2255 motion.

The clerk will mail a copy of this recommendation to Petitioner.

Signed this 5th day of June, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.